UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:08-CV-1451 (CEJ) |
| RALPH JONES CONTRACTORS, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment and to compel defendant to submit to an audit. The Clerk of Court entered default against defendant Ralph Jones Contractors, Inc., on November 10, 2008.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are five employee benefit plans (the Pension, Vacation, Welfare, Annuity and Apprenticeship Training funds), their trustees (collectively, the plans), and Local 513, International Union of Operating Engineers, AFL-CIO (the union). Defendant Ralph Jones Contractors, Inc., is a signatory to a collective bargaining agreement in effect from May 1, 2004 through April 30, 2009. Plaintiffs seek $244,757.29 in delinquent contributions, $48,951.45 in liquidated damages,

$6,997.45 in interest, $100,352.06 in attorney's fees, and $350.00 in court costs, for a total of $401,408.23.[1]

The summons and a copy of the complaint were served on defendant on October 15, 2008. Defendant did not file an answer or other responsive pleading and, on November 10, 2008, the Clerk of Court entered default against defendant.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions are liable for the unpaid contributions, plus liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On April 29, 2004, Michael R. Jones, president of defendant, signed an agreement to be bound by the terms of a collective bargaining agreement negotiated between the Operating Engineers Local No. 513 of the International Union of Operating Engineers, AFL-CIO and the SITE Improvement Association (the SITE Agreement). [Doc. #1-2]. The SITE Agreement remains in effect through April 30, 2009.

The SITE Agreement requires defendant to make contributions to the funds for each hour worked by covered employees. SITE Agreement

---

[1] At the Court's direction, plaintiffs submitted a corrected figure for interest which lowered the total amount of judgment. Plaintiffs' attorney's fee request is based upon a percentage of the judgment; as a consequence of the reduced amount for interest, the attorney's fee request was reduced from the original figure of $113,176.00.

§§ 16.01 - 16.07 [Doc. #1-3 at 28-30]. Failure to make timely contributions subjects signatories to liquidated damages equal to twenty percent of the delinquent contributions. § 16.08 [Doc. #1-3 at 30]. In the event that legal action is required to collect owed contributions, employers are liable for interest at the maximum lawful rate plus "a reasonable attorney's fee . . . with the amount thereof fixed by the Court, but in no event less than thirty-three and one-third percent (33-1/3%) of the total amount for which judgement is rendered." Id.

Plaintiffs submit the affidavit of William Murphy, coordinator for the benefit funds. Attached to Mr. Murphy's affidavit are copies of three contribution reports submitted by defendant. The reports reflect that in August 2006, defendant owed contributions in the amount of $121,888.44; in September 2006, defendant owed $92,921.41; and in March 2007, defendant owed $29,947.42. Mr. Murphy attests that defendant did not pay the contributions reflected in the reports, for a total due of $244,757.27; liquidated damages at the rate of twenty percent of the past due contributions equals $48,951.46.

Plaintiffs also seek prejudgment interest. The SITE Agreement is silent with respect to the appropriate interest rate. Under this circumstance, ERISA provides that "interest on unpaid contributions shall be determined using . . . the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 U.S.C. § 6621]." 29 U.S.C. § 1132(g). Mr. Murphy attests that the applicable rate is 1.36%, and that the interest due equals $6,997.45.

Based on the evidence submitted by the plaintiffs, the Court finds that they are entitled to judgment by default. However, the amount of the judgment cannot yet be determined as there remains a question regarding the amount of attorneys' fees that may be recovered.

ERISA provides that a court "shall award" a benefit plan "reasonable attorneys' fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). See Laborers Health & Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc., 484 U.S. 539, 547 (1988) (award of attorney's fees is mandatory when judgment is entered in favor of multi-employer plans). Section 16.08 of the SITE Agreement provides that the trustees and union may recover attorney's fees of not less than thirty-three and one-third percent (33-1/3%) of the total judgment. Based upon this contract provision, plaintiffs seek $100,352.06 in attorney's fees. This figure seems disproportionate to the amount of work that this dispute has required to date: docket entries establish that counsel for plaintiffs have prepared and filed a complaint, a motion for default entry, a motion for default judgment, and a memorandum regarding the recalculation of interest using the interest rate required by ERISA.

The question before the Court is whether awarding the contractually-mandated percentage satisfies the Court's statutory obligation to award "reasonable" attorney's fees. This question was recently examined in another case involving the same SITE agreement. See Local 513, Int'l Union Operating Engineers, AFL-CIO

et al. v. Larry Ortmann Contracting, Inc., 2009 WL 151698, Case No. 4:08-CV-1177 CAS (default judgment)(E.D. Mo. Jan. 22, 2009). In that case, the Court considered the contractual provision, ERISA's statutory mandate for "reasonable" fees, the case law addressing the factors courts consider in awarding attorney's fees, and the legislative purpose of giving employers "a strong incentive" to make contributions. Id. *2 n.1. After consideration, the Court decided not to automatically apply the 33 1/3 percent fee award, which amounted to $42,515.57 in a case in which the attorneys completed 17.65 hours of work. See id. at *3; see also Local 513, Int'l Union Operating Engineers, AFL-CIO et al. v. Larry Ortmann Contracting, Inc., 2009 WL 5158269 *2, Case No. 4:08-CV-1177 CAS (memorandum and order)(E.D. Mo. Dec. 9, 2008). Instead, the Court examined plaintiffs' actual billing records, determined that the hourly rate and the hours expended were reasonable and awarded attorney's fees in the amount of $3,530.00. 2009 WL 151698 at *3. The Court agrees that in this case the parties' contractual agreement regarding attorney's fees does not override its duty to determine that the requested fees are reasonable. See Spirtas Co. v. The Insurance Co. of the State of Pennsylvania, No. 07-1547 *9-10 (opinion) (8th Cir. Feb. 3, 2009) (courts "generally will infer a reasonableness requirement in all contractual fee provisions as a matter of public policy"). Accordingly, the Court will direct plaintiffs' to submit evidence establishing the hours expended and the rates charged in this case. The Court will delay entry of judgment until a final determination of the amount can be made.

Plaintiffs also ask the Court to order defendant to submit to an audit for the several months that defendant failed to submit contribution reports.[2] Plaintiffs are entitled to collect contributions for covered employees who worked during the period covered by the SITE Agreement. The Court does not intend to enter more than one judgment in this matter, however, and thus will deny plaintiffs' request for an audit this action. Plaintiffs may file a separate lawsuit seeking additional contributions. In the event that defendant again defaults, plaintiffs may request an accounting at the same time that they seek entry of default.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion for default judgment [Doc. #5] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs shall, not later than **February 27, 2009**, submit evidence establishing the rates charged and the hours expended by counsel in connection with this matter.

**IT IS FURTHER ORDERED** that plaintiffs' request to compel the defendant to submit to an audit is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2009.

---

[2] Defendant did not submit contribution reports in March 2007 or from February 2008 onward.